## ARBA C. HYDE & Wife *vs.* ALONZO C. CHAPIN.

In those counties, where separate terms of the court of common pleas are established for the transaction of civil and criminal business, a prosecution under the Rev. Sts. *c.* 49, relative to " the maintenance of bastard children," belongs properly to the latter.

If the complainant in a prosecution under the Rev. Sts. *c.* 49, marries after the commencement of the proceedings, the husband is entitled to come in and join with her in the prosecution; and, in such a case, the wife remains a competent witness.

THIS was a prosecution under the Rev. Sts. *c.* 49, originally commenced by Jane C. Rice against the defendant, as the putative father of her bastard child, and entered in the court of common pleas for the county of Hampden, at the February term thereof, 1844.

At the October term, 1847, the defendant pleaded in abatement the intermarriage of the complainant with one Arba C. Hyde, since the last continuance. The complainant did not reply to this plea; but an entry was made on the docket, that the " complainant has leave to amend further." At the February term, 1848, Hyde moved for leave to prosecute the suit with the complainant, as her husband, and to file an amended complaint; which motion, though opposed by the defendant, was allowed by the court.

The case was then tried before *Byington*, J.; and the original complainant being offered as a witness for the prosecution, and objected to by defendant, on the ground, that she was not a competent witness in a suit to which her husband was a party, the objection was overruled by the court, and the complainant admitted to testify.

The jury returned a verdict against the defendant, who thereupon filed exceptions to the rulings above mentioned. The defendant also moved in arrest of judgment, on the ground, that the court of common pleas, when holden for the transaction of civil business, had no jurisdiction of prosecutions like the present. This motion was overruled.

*R. A. Chapman*, for the defendant.

The right of the husband to come in and join in the

7 *

prosecution depends upon the Rev. Sts. *c.* 93, § 21, which provides that a husband may, on his own motion, be admitted as a party to prosecute with his wife, in like manner as if he had originally joined in the suit ; thus limiting his right to those cases, in which he may originally join in the suit. The question, then, is, whether a proceeding under the bastardy law (Rev. Sts. *c.* 49) can be prosecuted originally by husband and wife. The statute is penal in its character, and therefore to be construed strictly. *Hill* v. *Wells*, 6 Pick. 104.; *Fisher* v. *Shattuck*, 17 Pick. 252. Why should its provisions be extended to the husband ? He is under no obligation to support the child. *Freto* v. *Brown*, 4 Mass. 675 ; *Comm'th* v. *Hamilton*, 6 Mass. 273 ; *Worcester* v. *Marchant*, 14 Pick. 510.

The provisions of the statute all contemplate proceedings by an unmarried woman, — one competent to act in her own right, — and not by a husband or by husband and wife. How can a married woman, who has no power or means of herself, but is entirely under the control of her husband, be charged with the support of the child ? The money recovered of the defendant is receivable by the complainant, and she alone can control and expend it. *Comm'th* v. *Cole*, 5 Mass. 517, 519. This is hardly consistent with the right of the husband to join in the prosecution. In the case of *Cheeseborough* v. *Baldwin*, 1 Root, 229, it was held, that the husband could not be a party to the complaint. The case of *Wilbur* v. *Crane*, 13 Pick. 284, is merely negative, and contains nothing in favor of the husband's right to be joined in the present case.

This not being a civil, but a criminal proceeding, and therefore incapable of amendment, the husband cannot come in and be made a party, by way of amendment. But, if he may become a party, then the wife cannot, without violating a rule of evidence, be a witness for him.

The statute of 1845, *c.* 253, having transferred all the criminal business, cognizable by the court of common pleas in the county of Hampden, to separate and distinct terms of

the court; this proceeding, which is criminal in its nature, was not rightfully in the court of common pleas for civil business, and the judgment must therefore be arrested.

*H. Morris*, for the complainants. This proceeding was commenced before the passing of the act establishing separate terms for the transaction of criminal business in this county, and is therefore not affected by it.

The terms of the Rev. Sts. *c.* 93, § 21, are broad enough to cover this case. In the case of *Wilbur* v. *Crane*, 13 Pick. 284, it is said by the court, that a prosecution under the bastardy act has several of the elements of a civil proceeding; in the case of *Hinman* v. *Taylor*, 2 Conn. 357, it was expressly decided to be so altogether; and there are various particulars, in which criminal forms would be altogether inapplicable to a prosecution of this kind.

As to the complainant's becoming disqualified to testify by reason of her marriage, — the objection is removed by the statute, which expressly makes her a witness.

METCALF, J. The court are of opinion that the husband was properly admitted to prosecute this complaint, with his wife; *Wilbur* v. *Crane*, 13 Pick. 284, and *Keniston* v. *Rowe*, 4 Shepley, 38; and that the wife was not thereby rendered incompetent to testify at the trial. The exceptions were therefore not well taken.

But no judgment can be rendered on the verdict. The trial was before the court of common pleas for the county of Hampden, at February term, 1848, at which, by *St.* 1845, *c.* 253, the court was restricted to the transaction of civil business exclusively. By the same statute, a term in May and a term in December are required to be held "for the disposition of the criminal business of said county." This case, as was decided in *Cummings* v. *Hodgdon*, 13 Met. 246, is one of criminal business, and therefore the court had no jurisdiction of it, at the term when it was tried. For this cause judgment must be arrested.

If, however, the complainants move that the case be remanded to the court of common pleas, the motion will be

granted ; and that court will take such further action in the premises as they may find to be warranted by law.    We give no opinion upon the question, whether that court can cause this case to be entered on their docket of criminal business, and proceed with it.    This question has not been argued.